3 Cal.Rptr.3d 16 (2003)
110 Cal.App.4th 1420
In re L. B., a Person Coming Under the Juvenile Court Law.
Shasta County Department of Social Services, Plaintiff and Respondent,
v.
Gregory N. et al., Defendants and Appellants.
No. C042530.
Court of Appeal, Third District.
June 30, 2003.
*17 Mario de Solenni, for Appellant Gregory N.; Sharon S. Rollo, Chatsworth, for Appellant Tanya W., under appointments by the Court of Appeal.
Karen Keating Jahr, County Counsel, David M. Yorton, Jr., Deputy County Counsel, for Plaintiff and Respondent.
MORRISON, J.
Tonya W. and Gregory N., the mother and father of the minor, appeal from the juvenile court's order terminating their parental rights. (Welf. & Inst.Code, §§ 366.26, 395; further undesignated statutory references are to the Welfare and Institutions Code.) Appellants contend the juvenile court erred by failing to assure compliance with various provisions of the Indian Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.) We shall affirm.

FACTUAL AND PROCEDURAL BACKGROUND
In November 2001, the Shasta County Department of Social Services (DSS) filed a dependency petition concerning the minor after he was born while the mother was in state prison. The petition alleged the mother had a lengthy criminal record, including five drug-related convictions. According to the petition, the mother had failed to reunify with four other children.
At a hearing in May 2002, the juvenile court denied reunification services to the mother and set the matter for a hearing pursuant to section 366.26.
Subsequently, the mother disclosed that Gregory N., who was in prison, was possibly the minor's father. In July 2002, Gregory N.'s paternity was confirmed through genetic testing.
The social worker's report for the section 366.26 hearing disclosed that Gregory N. "may be eligible for enrollment in the Cherokee tribe." The social worker reported: "Notice ([DSS form] Soc 319) was sent to the three Cherokee tribes on 7/19/2002." The social worker also reported that responses had been received from two of the tribesthe United Keetoowah Band and the Eastern Band of Cherokee Indians"staffing] that the [minor] *18 is not eligible for enrollment...." Copies of these responses were attached to the social worker's report.
At the section 366.26 hearing in October 2002, the juvenile court found the minor adoptable and terminated appellants' parental rights.[1]

DISCUSSION
The father contends that "reversal and remand is required because the trial court failed to properly notify the tribes, appellant, and the Secretary of the Interior of the pendency of the proceedings." (Capitalization omitted.) We disagree.
Congress passed the ICWA in 1978 "to promote the stability and security of Indian tribes and families by establishing minimum standards for removal of Indian children from their families and placement of such children `in foster or adoptive homes which will reflect the unique values of Indian culture:...'" (In re Levi U. (2000) 78 Cal.App.4th 191, 195, 92 Cal.Rptr.2d 648; 25 U.S.C. § 1902; Mississippi Choctaw v. Holyfield (1989) 490 U.S. 30, 109 S.Ct. 1597,104 L.Ed.2d 29.)
A major purpose of the ICWA is to protect "Indian children who are members of or are eligible for membership in an Indian tribe." (25 U.S.C. § 1901(3).) For purposes of the ICWA, "`Indian child' means any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).)
Among the procedural safeguards included in the ICWA is the provision for notice. The ICWA provides, in part: "In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention. ..." (25 U.S.C. § 1912(a).) "Notice shall be sent to all tribes of which the child may be a member or eligible for membership." (Cal. Rules of Court, rule 1439(f)(3).)[2]
"Determination of tribal membership or eligibility for membership is made exclusively by the tribe." (Rule 1439(g).) "[O]ne of the primary purposes of giving notice to the tribe is to enable the tribe to determine whether the child involved in the proceedings is an Indian child. [Citation.]" (In re Desiree F. (2000) 83 Cal. App.4th 460, 470, 99 Cal.Rptr.2d 688.) "The Indian status of the child need not be certain to invoke the notice requirement. [Citation.] Because the question of membership *19 rests with each Indian tribe, when the juvenile court knows or has reason to believe the child may be an Indian child, notice must be given to the particular tribe in question or the Secretary [of the Interior]. [Citations.]" (Id. at p. 471, 99 Cal. Rptr.2d 688.)
Initially, we note that appellants have failed to provide us a sufficient record to determine whether the juvenile court engaged in additional inquiry regarding the ICWA notice provided. Following the filing of the social worker's report containing the relevant information concerning the minor's possible Indian heritage, three hearings took place, yet the record on appeal includes a reporter's transcript from only the last of these hearings. It is certainly possible that, in response to inquiry from the court, additional information was provided concerning the manner and content of the ICWA notice that was provided to the tribes. It is appellants' responsibility to provide a record that is adequate for appellate review of their claims (see Ballard v. Uribe (1986) 41 Cal.3d 564, 574, 224 Cal.Rptr. 664, 715 P.2d 624); as they have failed to do so, we are unable to fully evaluate what measures the juvenile court may have taken in regard to the claimed errors.
In any event, we conclude that the record adequately establishes compliance with the relevant provisions of the ICWA. In the present matter, the social worker discovered that the minor may have Cherokee Indian ancestry through his biological father. This information was sufficient to trigger the notice provisions of the ICWA, requiring notice "to all tribes of which the child may be a member or eligible for membership." (Rule 1439(d)(2) and (f)(3).) The Federal Register, which lists the recognized Indian entities, contains three Cherokee entities: the Cherokee Nation of Oklahoma, the Eastern Band of Cherokee
Indians of North Carolina, and the United Keetoowah Band of Cherokee Indians of Oklahoma. (61 Fed.Reg. 58211 (Nov. 13, 1996).) Accordingly, the social worker reported that notice was sent to "the three Cherokee tribes." Responses were received from two of these tribesthe United Keetoowah Band of Cherokee Indians in Oklahoma and the Eastern Band of Cherokee Indians. Appellants do not suggest there is insufficient evidence that the proper tribes were provided notice.
Instead, the father protests the absence in the record of a proof of service establishing that notice was by certified mail and that a copy of the petition was provided with the notice. (See 25 U.S.C. § 1912(a); rule 1439(f)(1).) He also complains it cannot be "ascertain[ed] if the notice set forth current or previous addresses of the parents or any other relatives." (See 25 C.F.R. § 23.11(a) and (d)(3).)
However, ordinarily, when a social worker's report or other documentation indicates that ICWA notice has been provided, it can properly be presumed that such notice complied with the requirements of the ICWA in the absence of any evidence in the record to the contrary or any challenge to this representation in juvenile court. (See Evid.Code, § 664.) Thus, for example, in In re Levi U., supra, 78 Cal. App.4th at page 195, 92 Cal.Rptr.2d 648, we rejected the mother's claim that "`[a] conclusory statement in the social worker's report'" that notice had been sent to the Bureau of Indian Affairs (BIA) was insufficient to establish compliance with the ICWA. In that case, the mother suggested DSS was required to submit evidence of the actual notice, a proof of service, and the responses received. (Ibid.) This court held "[c]ontrary to appellant's assertion, there is no requirement that [the social *20 services agency] demonstrate it did anything more than send notice.... [Citation.]" (Id. at p. 198, 92 Cal.Rptr.2d 648.)
The forms utilized by DSS in this case (SOC 318 and SOC 319), which are issued by the State of California Health and Welfare Agency and the Department of Social Services to provide notice in compliance with the ICWA, direct that a copy of the petition is to be attached to the form. There is nothing in the record to indicate that notice was in any way deficient and no basis for us to conclude that DSS did not follow the required procedures. Neither the ICWA nor rule 1439 requires copies of the notices be made part of the record.[3] Thus, although the information in the record is minimal, we find it sufficient to establish that notice in compliance with the ICWA was provided to all possible tribes.
The father also complains that the record does not reflect a copy of the ICWA notice was sent to the BIA. The father is correct that the Code of Federal Regulations requires copies of the ICWA notices to be sent to the Secretary of the Interior and the area director of the BIA.[4] (25 C.F.R. § 23.11(a).) There is nothing in the record to indicate there was compliance with this requirement.
However, the father has failed to demonstrate any prejudice resulted from this omission. (See In re Antoinette S. (2002) 104 Cal.App.4th 1401, 1411, 129 Cal. Rptr.2d 15.) "No judgment shall be set aside, or new trial granted, in any cause, ... for any error as to any matter of procedure, unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Cal. Const., art. 6, § 13.) The record here indicates that the three federally recognized Cherokee tribes were sent notice months before the section 366.26 hearing. Thus, the tribes had ample time to investigate the minor's tribal affiliation and to request any additional information that might assist in this investigation. None of the tribes responded that the minor was a member or eligible for membership. The father has failed to demonstrate any prejudice flowed from the failure to send copies of the ICWA notices to the BIA.
Next, the father complains that he was not provided notice in compliance with the ICWA. Again, he is correct that the ICWA's provisions include a requirement that the parent of the Indian child be provided notice. (25 U.S.C. § 1912(a).) However, by failing to raise this issue in *21 juvenile court, appellant has waived it. (In re Asia L., supra, 107 Cal.App.4th at p. 508, fn. 4, 132 Cal.Rptr .2d 733; see also In re Jennifer A, supra, 103 Cal.App.4th at p. 707, 127 Cal.Rptr.2d 54.) Furthermore, appellant participated in the proceedings, obviating the need to remand based on any claimed deficiency in the notice he was provided. (In re Jeffrey A (2002) 103 Cal.App.4th 1103, 1109, 127 Cal. Rptr.2d 314; see In re Kahlen W. (1991) 233 Cal.App.3d 1414, 1424, 285 Cal.Rptr. 507.)
The father argues that providing ICWA notice to parents "enables them to note where the notices are being sent, and what information is being provided to the tribal entities." This argument is flawed because the ICWA does not require that the parents receive copies of the documents sent to the tribes. (See 25 U.S.C. § 1912(a).) The father's claim that he was precluded from contesting the sufficiency of the ICWA notice because he was not provided copies is similarly flawed had he requested copies of the notices, he could have challenged any perceived inadequacies.
Finally, the mother contends the juvenile court was required to apply the higher evidentiary standards of the ICWA at the section 366.26 hearing, citing rule 1439(e). She is incorrect.
Aside from its notice provisions, the ICWA applies only to Indian children. (25 U.S.C. § 1901 et seq.; see rule 1439(b) and (g)(5).) Only when information before the juvenile court is sufficient to show that the child is a member of a tribe, or is eligible for membership and is the child of a member, does rule 1439(e) require compliance with all of the provisions of the ICWA. On the other hand, when no response is received from the tribes after proper inquiry and notice, this is "tantamount to [a] determination[ ] that the minor [i]s not an `Indian child' within the meaning of the [ICWA]." (In re Levi U., supra, 78 Cal. App.4th at p. 198, 92 Cal.Rptr.2d 648.) Under such circumstance, "neither the court nor [the social services agency] ha[s] any further obligations under the [ICWA]." (Id. at p. 199, 92 Cal.Rptr.2d 648.)

DISPOSITION
The juvenile court's order is affirmed.
We concur: BLEASE, Acting P.J., and NICHOLSON, J.
NOTES
[1] Respondent has filed a motion to take additional evidence regarding compliance with the ICWA, which evidence existed but was not presented to the juvenile court at the time of the hearing in question. Although Code of Civil Procedure section 909 permits an appellate court to take additional evidence, "the power conferred upon appellate courts by [Code of Civil Procedure] section 909 is to be used sparingly and has been narrowly construed. [Citations.]" (In re Elise K. (1982) 33 Cal.3d 138, 149, 187 Cal.Rptr. 483, 654 P.2d 253 (cone. opn. of Bird, C. J.).) "Decisions limiting the use of this power involved attempts to introduce on appeal evidence which (1) existed at the time of trial, (2) was contested on appeal or was cumulative of evidence that was contradicted at trial, and (3) was not conclusive on the question for which its admission was sought." (Ibid.) All of these reasons for limiting the introduction of new evidence at the appellate level apply here. Therefore, we deny respondent's motion.
[2] Further undesignated rule references are to the California Rules of Court.
[3] This court has suggested that, "[t]o satisfy the notice provisions of the [ICWA] and to provide a proper record for the juvenile court and appellate courts, [a social services agency] should follow a two-step procedure" of sending proper notice to all possible tribal affiliations and filing with the court copies of the notices, the return receipts and any correspondence from the tribes. (In re Marinna J. (2001) 90 Cal.App.4th 731, 739-740, fn. 4, 109 Cal.Rptr.2d 267; see also In re H.A. (2002) 103 Cal.App.4th 1206, 1214-1215, 128 Cal.Rptr.2d 12; In re Asia L. (2003) 107 Cal. App.4th 498, 507-508, 132 Cal.Rptr.2d 733; In re Jennifer A. (2002) 103 Cal.App.4th 692, 702-703, 127 Cal.Rptr.2d 54.) However, while this practice would head off numerous appellate complaints of non-compliance with the ICWA, the second step of this procedure is not required by the ICWA or by rule 1439. The BIA's Guidelines for State Courts; Indian Child Custody Proceedings, which are advisory only, would require copies of notices and return receipts or other proof of service to be filed with the court. (44 Fed.Reg. 67584, 67588 (Nov. 26, 1979).) Those Guidelines has not been adopted in California.
[4] Notice to the BIA satisfies notice to the Secretary of the Interior. (See 25 U.S.C. § la [delegation to the BIA of powers and duties of the Secretary of the Interior regarding laws governing Indian affairs].)