Filed 9/24/15  In re J.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# COPY

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | C077866 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>T.T. et al.,<br><br>        Defendants and Appellants. | (Super. Ct. No. JD233717) |

T.T. and John B., parents of the minor, appeal from orders of the juvenile court terminating their parental rights.  (Welf. & Inst. Code, §§ 366.26, 395 [unless otherwise stated, statutory references that follow are to the Welfare and Institutions Code].)  The parents contend that the court erred in making a finding at the six-month review hearing

that the Indian Child Welfare Act (ICWA) (25 U.S.C. 1901, et seq.) did not apply to the case and ordering that further notice need not be sent to the tribe. The parents also argue that the Sacramento County Department of Health and Human Services (Department) failed to provide active efforts in that it did not assist the minor in securing membership in the tribe. We affirm the juvenile court's orders.

FACTS AND PROCEEDINGS

The Department filed a petition to remove six-week-old J.B. from parental custody in August 2013. The petition alleged mother had a drug problem, had used drugs while pregnant with the minor, failed to comply with informal services and her current whereabouts were unknown. The minor was placed with the maternal grandmother. At the detention hearing on September 4, 2013, the court ordered the minor detained and directed the Department to make a paternity inquiry. The maternal grandmother told the court there was no Indian heritage on the maternal side.

The report for the jurisdiction/disposition hearing said the social worker had not had any contact with either parent. However, father appeared at the September 26, 2013, prejurisdiction status conference and informed the court he had both Sioux and Creek ancestry. Father completed the ICWA-020 form regarding his Indian status and asked for a paternity test. At the November 7, 2013, hearing, the court found father to be the minor's biological father and directed the Department to provide notice to the relevant tribes. The court subsequently entered a judgment of paternity. At the next hearing in November 2013, father was present and reviewed the ICWA-030 notice form for accuracy. Father informed the court he was an enrolled member of the Muscogee (Creek) Nation but had lost his card.

The Department filed an ICWA declaration in November 2013 which stated the social worker spoke to the paternal aunt who is an enrolled member of the Muscogee (Creek) Nation and said that father enrolled about the same time she did. The paternal

2

aunt said the paternal grandmother, now deceased, had been a member of the Muscogee (Creek) Nation and a paternal great-grandmother was a member of a Sioux tribe. She also said the paternal grandfather did not have any Indian heritage. The social worker spoke to the paternal great-grandmother who confirmed she was half Sioux and had an enrollment number with the Standing Rock Sioux tribe. She also told the social worker that the paternal great-grandfather was enrolled with the Muscogee (Creek) Nation. A copy of the ICWA-030 notice form was attached to the declaration along with copies of the paternal aunt's enrollment information. The notice documents were sent to the relevant tribes. By mid-December 2013, all the return receipts were filed and ICWA notice of the proceedings was complete. An addendum filed in December 2013 again stated father told the social worker he was a registered member of the Creek tribe but had lost his card and did not know how to get another.

In December 2013, the court sustained the petition as amended and noted that the minor had not yet been identified as an Indian child. At disposition, the court adopted the recommended findings and orders, placed the minor with the maternal grandmother and ordered reunification services for the parents.

In a declaration filed in January 2014, the Department's paralegal stated that she had spoken to Donna Hamilton of the Muscogee (Creek) Nation on January 2, 2014. Ms. Hamilton indicated the minor and father were not enrolled members at that time and that the ICWA did not apply to the minor. The Muscogee (Creek) Nation had sent a letter to the paralegal in December 2013 which stated that, while the minor could be traced in their records to a paternal great-grandmother, "The Muscogee (Creek) Nation **is NOT empowered** to intervene in this matter unless the child/children or eligible parent(s) apply and receive membership." (Original emphasis.) The letter included the address of the tribe and the telephone number of the Citizenship Office for the tribe.

At the ICWA compliance hearing, the court reviewed the letter from the Muscogee (Creek) Nation. The court observed that the minor was eligible for

membership based on the letter which triggered the Department's responsibility to do what it could to assist the child in becoming a member. The court also stated that the letter clarified that while there was tribal heritage, the tribe concluded that neither the minor nor the father was actually an enrolled member. The court emphasized it was father's responsibility to do what he could to receive membership, thereby allowing the Muscogee (Creek) Nation to intervene. Until the matter was clarified, the Department was required to continue notice to the tribe. The court expected to receive information from the Department on their efforts to work with the Muscogee (Creek) Nation to have the minor enrolled and what they learned from the tribe. The Department's position was that the child was not eligible because the eligible parent was not a member of the tribe and that it would confirm the meaning of the letter with the tribe. The court agreed that such confirmation was the Department's only duty at this point.

In an ICWA declaration filed in February 2014, the Department's paralegal stated she had called the case management specialist for the Muscogee (Creek) Nation to clarify the tribe's letter but got no response. The paralegal then called the Citizenship Office for the tribe and spoke to the Manager of Citizenship, Ms. Wade, who confirmed that father was not a member of the tribe but that the paternal grandmother was. Ms. Wade told the paralegal that, in order for a child to be an enrolled member of the tribe, a completed membership application and Certificate of Degree of Indian Blood application as well as state certified copies of the child's and father's birth certificates that established a link to an enrolled member would need to be sent to the tribe. The paralegal also spoke to a representative of the Standing Rock Sioux tribe who indicated no one in the minor's family was enrolled in the tribe and no family affiliation with the tribe was found.

The report for the six-month review hearing filed in June 2014 recommended termination of the parents' services. Mother's whereabouts remained unknown and there was no indication she had participated in or completed any services. Father's whereabouts were also unknown and he never contacted the Department to arrange visits

4

with the minor, although he did attend three medical appointments but never asked to hold or touch the minor. Regarding ICWA matters, the social worker stated that the minor could be traced in the records of the Muscogee (Creek) Nation but the tribe could not intervene until the father or the minor applied for, and received, membership. Currently neither was enrolled. The Department had been unsuccessful in "securing the father's interest in enrollment" for the minor's benefit.

At the review hearing, the court adopted the Department's recommendation, terminating services and setting a selection and implementation hearing. The court further found the minor was not an Indian child and no further ICWA notice was required.

The report for the selection and implementation hearing stated that ICWA did not apply based on the court's findings at the six-month review hearing. Mother had contacted the social worker who arranged a supervised visit for her. Father also asked for a visit but was unavailable when the social worker tried to inform him of the arranged visit. Finally, both parents came to a visit arranged for mother, but they interacted minimally with the minor. The report stated the minor was likely to be adopted by the maternal grandparents and there were no exceptions to termination of parental rights. The minor's birth certificate was attached to the report.

At the selection and implementation hearing in November 2014, the court denied mother's request to set the matter for trial and adopted the recommended findings and orders terminating parental rights as to both parents. Neither parent raised any ICWA-related claim at the selection and implementation hearing or presented any evidence of a change in father's status with the Muscogee (Creek) tribe.

DISCUSSION

I

*ICWA Notice*

The parents argue the juvenile court erred in finding at the review hearing when services were terminated that the ICWA did not apply and that further notice to the tribe was not required.

Initially, we observe that the finding ICWA did not apply and the order that further notice was not required occurred at a review hearing where a section 366.26 hearing was set. Findings and orders made at such a hearing are not appealable unless a writ pursuant to California Rules of Court, rule 8.450 was taken. (§ 366.26, subd. (*l*).)

We recognize that, where the record reflects there was no notice or defective notice to the tribes of the proceedings, the notice issue can be raised at any time. (*In re Marinna J*. (2001) 90 Cal.App.4th 731, 739.) This is not such a case. Proper notice was sent pursuant to section 224.2, subdivision (a) and the relevant tribes responded. Appellant did not file a writ contesting the court's findings and orders made at the hearing setting the section 366.26 hearing and has forfeited the challenge.

Assuming arguendo that we could reach the issue, the parents cannot prevail. The notice requirement of section 224.2 is not without limit. Ongoing notice to the identified tribes is required only until it is determined that ICWA does not apply to the case. (§ 224.2, subd. (b).) The Muscogee (Creek) Nation advised that the child could be traced through the paternal great-grandmother and paternal grandmother but that the tribe was not empowered to intervene unless father or the minor applied for, and received, membership. The tribe's position is consistent with the definition of "Indian child" found in the ICWA, i.e., "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) eligible for membership in an Indian tribe and is the

6

biological child of a member of an Indian tribe." (25 U.S.C. § 1903 (4).) At the time of the review hearing, the minor satisfied neither condition.

The social worker's contact with the tribe clarified that the minor could apply for membership consideration if various documents, including proof that the minor was descended from an enrolled member, were provided to the tribe, but made it clear that, until such time as the proper documents were sent to the tribe, considered by the tribe and membership status granted, the tribe was not empowered to intervene. It is clear from the tribe's responses to the Department that membership for the minor was not a foregone conclusion but rather depended upon the information in the application, and other documents. Based on the evidence of the tribe's determination of the minor's status, and father's failure to cooperate with securing either membership or proof of the minor's lineage by providing his own birth certificate, the court correctly determined, pursuant to section 224.3, subdivision (e)(1), that ICWA did not apply and that further notice of ongoing hearings was not required. (§ 224.2, subd. (b).)

II

*Active Efforts*

The parents also argue that the Department failed to comply with the requirement of California Rules of Court, rule 5.484(c) to provide active efforts to prevent the breakup of the Indian family, including "pursuit of any steps necessary to secure tribal membership for a child if the child is eligible for membership in a given tribe." The parents recognize that the scope of the social worker's duty to provide services to secure tribal membership is an issue pending in the Supreme Court in *In re Abbigail A.* (2014) 226 Cal.App.4th 1450, review granted September 10, 2014. We need not address the issues in *Abbigail A.* in this case. Further, we need not address recent changes in the Federal Guidelines on application of ICWA which relate to this issue because the

7

changes were not in effect at the time of the termination hearing. (80 Fed.Reg. 10146-10159 (Feb. 25, 2015).)

"Aside from its notice provisions, the ICWA applies only to Indian Children. Only when information before the juvenile court is sufficient to show that the child is a member of a tribe, or is eligible for membership and is the child of a member, does [California Rules of Court,] rule [5.482(d)(2)] require compliance with all of the provisions of the ICWA." (*In re L.B.* (2003) 110 Cal.App.4th 1420, 1427 [internal cites omitted, superseded by rule on other grounds].) The requirement to provide active efforts applies only to an Indian child. At the time of the review hearing and later at the section 366.26 hearing the minor did not meet the ICWA definition of Indian child and no "active efforts" were required.

Nonetheless, assuming, without deciding, that active efforts to enroll the minor were required, the record reflects that the Department did make active efforts on the minor's behalf. After the Muscogee (Creek) Nation responded to the notice of the proceedings, the social worker contacted the tribe several times to clarify the meaning of the response and determine what the tribe required to consider the minor's application for membership. While the social worker presumably could have completed the application and other documents, proving the lineage to an enrolled member was not entirely in the social worker's power. The social worker had obtained the minor's birth certificate and would have had access to the court's orders regarding paternity, but the social worker needed father's cooperation to prove the link between the minor and an enrolled member. Father was unavailable or uncooperative. Insofar as was possible, the record shows that the Department did make efforts to determine whether the minor could be enrolled without the father first enrolling and what steps were necessary to do so. Under the circumstances, the Department was not required to do more.

8

## III

### *Additional Evidence*

Father filed a request to take additional evidence which was denied April 16, 2015.  Respondent has filed a motion to partially strike those portions of the parent's opening briefs which are "predicated on the documents that were the subject of" the motion to take additional evidence.  Respondent's motion is denied as unnecessary.

### DISPOSITION

The orders of the juvenile court are affirmed.


                                                            HULL                    , Acting P. J.



We concur:



        BUTZ                    , J.



        DUARTE                , J.


9