Filed 8/2/16  In re Michael K. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re MICHAEL K. et al., Persons Coming Under the Juvenile Court Law. | |
| FRESNO COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MANUEL K.,<br><br>Defendant and Appellant. | F073160<br><br>(Super. Ct. Nos. 07CEJ300293-6 & 07CEJ300293-7)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Mary Dolas, Judge.

Lauren K. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel C. Cederborg, County Counsel, and Brent C. Woodward, Deputy County Counsel, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Franson, J. and Peña, J.

## INTRODUCTION

Appellant Manuel K. (father) contends the juvenile court erred in terminating his parental rights at a Welfare and Institutions Code[1] section 366.26 hearing because the juvenile court failed to conduct an adequate inquiry into Indian ancestry of his sons, Michael and Gage, failed to provide adequate notice to the tribes, and erred in concluding the Indian Child Welfare Act (ICWA), 25 U.S.C. section 1901 et seq., did not apply. We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On October 24, 2014, the Fresno County Department of Social Services (department) filed a section 300 petition on behalf of 17-year-old Manuel and one-year-old Michael.[2] The petition alleged the children were at substantial risk due to mother's history of substance abuse, unstable housing, and continued instability despite receiving family reunification services in 2007. The petition also alleged father and mother exposed the children to ongoing domestic violence. It also was alleged Manuel was at risk because no parent or guardian was willing or able to provide an appropriate plan for his care due to his out-of-control behavior and his mental health needs.

On September 26, 2014, the department had received a referral regarding Manuel. Manuel had a diagnosis of psychotic disorder—not otherwise specified and required medication and treatment. Mother did not keep follow-up appointments or ensure he took his medication.

Manuel was brought to the children's crisis unit after he was found masturbating in front of his three younger sisters at his maternal grandmother's home; had reportedly committed the same act on a prior occasion; and the grandmother indicated she could not

---

[1] References to code sections are to the Welfare and Institutions Code unless otherwise specified.

[2] Manuel is not the subject of this appeal; he turned 18 years old in 2015. Michael and Gage are the subject of the appeal.

control Manuel. Manuel had been living with his grandmother because father's whereabouts were unknown and mother did not have stable housing.

On October 10, 2014, father met with a social worker and stated there was an agreement for grandmother to care for the children until the parents were more stable; stated Manuel did not masturbate in front of others; and father denied using drugs.

The family had a prior history with the department dating back to 2007; the parents had reunified with their children in 2009. Mother had a criminal history dating back to 1996; father's criminal history dated back to 1992. Father's criminal history included narcotics violations, willful cruelty to a child, conspiracy to commit a crime, driving under the influence, providing false information to the police, and disorderly conduct.

The department's detention report recommended that Manuel and Michael be detained due to Manuel's mental health needs, drug use by the parents, the family's unstable lifestyle, and the domestic violence in the home. At the October 29, 2014 detention hearing, Manuel and Michael were detained.

Mother and father both had completed form ICWA-020, parental notification of Indian status. Father indicated he had no known Indian ancestry. Mother indicated she may have Indian ancestry, but did not specify any tribe. Mother and father were both present at the detention hearing, during which the juvenile court ordered mother to meet with the department and provide additional information regarding her possible Indian heritage. The juvenile court appointed counsel to represent father in the proceedings.

Mother did not meet with the department after the detention hearing. The jurisdiction report, however, states that mother notified the department she does not have any Indian ancestry. The department recommended the juvenile court find that ICWA does not apply.

Father's counsel filed a statement of contested issues for the jurisdiction hearing. The issues to be contested all related to allegations of the petition that would give rise to

3.

an assumption of jurisdiction by the juvenile court. There was no challenge to the recommended finding that ICWA does not apply.

On November 12, 2014, the department served completed form ICWA-030 on the parents, the Bureau of Indian Affairs (BIA), and eight different Apache tribes. The ICWA-030 form listed the children's names and birthdates; the names and birthdates of both parents, as well as other known relevant information on the parents; and information on the paternal and maternal grandmothers. Father was served by certified mail with the ICWA-030 and he signed for the form on November 17, 2014.

At the initial jurisdiction hearing on November 19, 2014, father was present and represented by counsel. At the December 10, 2014, continued hearing, father was present with counsel.

On December 15, 2014, the department filed responses from the Mescalero and San Carlos Apache tribes, indicating that the children were not eligible for enrollment with the tribe. Also on December 19, 2014, the department filed proof of service of the ICWA-030 on the parents, BIA, and eight Apache tribes.

The jurisdiction hearing was set for a contested hearing on January 7, 2015, at which father was not present, but he appeared through counsel. At the jurisdiction hearing, the juvenile court found the children were minors described by section 300, subdivisions (b) and (c), and set the matter for a disposition hearing.

The initial disposition hearing was held on January 21, 2015, at which father appeared through counsel. The hearing was continued.

On February 2, 2015, the department filed responses from the Tonto Apache Tribe and the Kiowa Apache Tribe of Oklahoma. Both tribes indicated the children were not eligible for membership.

On February 9, 2015, counsel for the department filed a motion requesting the juvenile court find ICWA did not apply. In the motion, it was stated that father reported to the department he "may" have Apache heritage and mother reported she "may" have

4.

Indian heritage. The motion erroneously states the department notified the BIA and three Cherokee tribes of the proceedings. The ICWA-030 documentation reflects the department notified the BIA and eight federally recognized Apache tribes of the proceedings by certified mail, return receipt. The ICWA-030 had been mailed November 12, 2014; the only responses received indicated the children were not eligible for enrollment; some tribes had not responded. The motion was personally served on counsel for father on February 9.

The continued disposition hearing was held February 10, 2015; father was present through counsel. The juvenile court found that ICWA did not apply. Reunification services were ordered for both parents, with supervised visitation. A six-month review hearing was scheduled.

On April 17, 2015, the department filed a section 300 petition on behalf of newborn Gage. Mother told the social worker she had no Indian ancestry. Mother stated father was the biological father of Gage and she planned to list father on the birth certificate. Father's whereabouts were unknown at this time and he had not signed a declaration of paternity, so the department considered father to be an alleged father.

Both mother and father were present for the detention hearing for Gage held on April 20, 2015. Both parents completed form ICWA-020; both indicated they had no known Indian ancestry. Gage was detained; services were offered; supervised visitation was ordered; and a jurisdiction hearing was scheduled.

On April 30, 2015, the department filed responses from the White Mountain Apache Tribe and Yavapai-Apache Nation indicating Manuel and Michael were not eligible for enrollment.

At the May 11, 2015 jurisdiction hearing for Gage, neither parent was present. The allegations of the petition were found true and a disposition hearing was set. The disposition report prepared by the department recommended reunification services be

denied to the parents. The department scheduled paternity testing for father to determine Gage's parentage; father never showed for the test.

The contested disposition hearing for Gage was held on June 24, 2015. Neither parent was present. The juvenile court found ICWA did not apply; denied reunification services to the parents; and scheduled a section 366.26 hearing for September 21, 2015. The clerk of the court was directed to mail notice to the parents within 24 hours.

Manuel turned 18 years old in May 2015. Consequently, no review hearing was held as to Manuel.

The report for the July 20, 2015 status review on Michael recommended that the juvenile court terminate reunification services for the parents. At the hearing, neither parent was present and the juvenile court terminated reunification services and set the matter for a section 366.26 hearing.

On October 22, 2015, the department filed a supplemental petition pursuant to section 387. The petition alleged the foster mother was abusing Michael. The department recommended Michael and Gage be removed from their foster parent. On October 23, 2015, Michael and Gage were removed from the foster mother's care.

The section 366.26 report for Gage was dated September 21, 2015. The department recommended parental rights be terminated and a permanent plan of adoption. The section 366.26 report for Michael was dated October 26, 2015. The department recommended termination of parental rights and a permanent plan of adoption for Michael, as well.

On November 3, 2015, mother filed a section 388 petition, seeking reunification services with Michael and Gage. The department recommended mother's request be denied. The juvenile court denied mother's section 388 petition on November 10, 2015.

The department filed an addendum report dated November 30, 2015. This report noted that Michael and Gage were bonding with the prospective adoptive parents. The

prospective adoptive parents interacted appropriately with the two children and had demonstrated their ability to nurture and provide for the children.

On February 3, 2016, the contested section 366.26 hearing was held; it was a combined hearing for Michael and Gage. Both mother and father were present. The juvenile court found Michael and Gage were adoptable and none of the exceptions to adoption applied. The juvenile court terminated the parental rights of mother and father to Michael and Gage and ordered both children placed for adoption.

Father filed a notice of appeal on February 4, 2016.

## DISCUSSION

Father contends the juvenile court failed to conduct an adequate inquiry into the children's Indian status, failed to provide adequate notice to the tribes, and erred in concluding the ICWA did not apply. We conclude notice was adequate and the juvenile court did not err.

### I. Challenge to ICWA Notice

Father's opening brief failed to address this court's seminal case on the waiver of ICWA issues, *In re Pedro N.* (1995) 35 Cal.App.4th 183 (*Pedro N.*). In *Pedro N.*, the mother did not raise an issue regarding compliance with ICWA until the juvenile court terminated her parental rights. (*Pedro N., supra,* at p. 189.) We concluded mother had not timely raised the ICWA issue because "all persons involved were aware at the dispositional hearing, and earlier" of the ICWA issue, and mother did not raise the issue until two years after the dispositional order. (*Pedro N., supra,* at pp. 189-190.) Having failed to raise the ICWA issue timely by appealing from the dispositional order, we concluded mother was foreclosed from raising the issue in an appeal from the order terminating her parental rights. (*Pedro N., supra,* at p. 189.)

The California Supreme Court issued its decision in *In re Isaiah W.* (July 7, 2016, S221263) 1 Cal. 5th 1, ___ [2016 Cal. Lexis 4742], disapproving *Pedro N.* and holding that a parent can raise the issue of ICWA compliance at any stage of the proceedings,

7.

including in an appeal after termination of parental rights. Consequently, father has not forfeited his right to challenge ICWA compliance.

Father is not precluded from raising any issues of noncompliance with the ICWA. Therefore, we address whether the juvenile court complied with ICWA and conclude there was substantial compliance.

## II. Adequate Notice

Notice of dependency proceedings is required to be sent to tribes, the BIA, and the Secretary of the Interior whenever it is known or there is reason to know that an Indian child is involved. (25 U.S.C. § 1912(a); 25 C.F.R. § 23.11(a); § 224.2, subd. (a); *In re Desiree F.* (2000) 83 Cal.App.4th 460, 469.)

As to Michael, the department served completed form ICWA-030 on the parents, the BIA, and eight different Apache tribes. The ICWA-030 form listed Michael's name and birthdate; the names and birthdates of both parents, as well as other known relevant information on the parents; and information on the paternal and maternal grandmothers. Father was served by certified mail with the ICWA-030 and he signed for the form on November 17, 2014.

To the extent father contends the notice in Michael's case was inadequate because it contained incomplete identifying information about Michael's grandparents and other ancestors, the department is only required, and can only include, information which is *known* to it. (§ 224.2, subd. (a)(5)(C).) Father was served with the ICWA-030 forms. There is no indication in the record the department had additional information that it failed to include on the forms. If father had more family information available to him than was included on the forms, then he should have made that information available to the department and the juvenile court. There is no indication in the record this was the case.

As for the failure to send a notice to the Secretary of the Interior, father has not demonstrated any harm from this procedural error. (*In re L.B.* (2003) 110 Cal.App.4th 1420, 1426.) The BIA was served as well as eight federally recognized Apache tribes.

With respect to Gage, mother and father indicated they had no Indian ancestry when they filled out the form ICWA-020 in Gage's dependency case. One of the primary purposes of giving notice to the BIA and tribes is to determine whether the child may be eligible for membership in a tribe and an Indian child. (*In re Desiree F.*, *supra*, 83 Cal.App.4th at p. 470.)

By the time a petition was filed on behalf of Gage, the tribes who had responded to the ICWA-030 notice in Michael's case had all responded that Michael was not eligible for enrollment in the tribe and was not an Indian child. Both father and mother stated they had no known Indian ancestry when they filled out the ICWA-020 in Gage's case. Consequently, there was no obligation on the part of the department to provide any notice to any tribe, the BIA, or the Secretary of the Interior because there was no reason to believe Gage may be an Indian child. (*In re Desiree F., supra,* 83 Cal.App.4th at p. 469.)

## DISPOSITION

The February 3, 2016, order terminating parental rights as to Michael and Gage is affirmed.